UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS JIMINEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>FELICIA PONCE,<br><br>　　　　　Respondent. | No. 2:15-cv-0260 KJN P<br><br><br>ORDER |

Petitioner is a federal prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This action is proceeding on the original petition filed January 30, 2015.  (ECF No. 1.)  Petitioner challenges an administrative finding that he escaped while he was under home confinement, resulting in the loss of good conduct time credits and transfer back to federal custody.  (Id. at 7-13.)  Petitioner's current release date is May 24, 2015.

For the following reasons, respondent is ordered to file further briefing.

Background

Petitioner was convicted in the Southern District of California of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846.  (ECF No. 14-1 at 2.)  Petitioner was sentenced to 120 months imprisonment.  (Id.)  Petitioner's current projected release date is May 24, 2015, via good conduct time.  (Id.)

1

On April 11, 2014, petitioner was on home confinement under the supervision of the Correctional Alternatives, Inc., a Residential Re-entry Center ("RRC") in San Diego, California. (Id. at 2-3.) Staff members from the facility made routine home confinement calls on that day, but discovered that petitioner's whereabouts were unknown. (Id.) Petitioner was placed on "escape" status. (Id. at 2.) Petitioner was discovered four days later, when he was apprehended attempting to return to the United States from Mexico. (Id. at 44-45.)

On May 6, 2014, petitioner appeared before a Center Discipline Committee ("CDC"), and was found to have committed the prohibited act of escape. (Id. at 3-4.) The CDC reviewed the evidence and noted petitioner's claim that he left the country for emergency care, was unconscious, and could not contact the RRC to report his whereabouts. (Id. at 4.) The CDC also found that once stable, petitioner was "well oriented" and had access to a telephone. (Id.) At that point, the CDC found that petitioner had a duty to notify the staff of his whereabouts yet continued to remain at large for several days and violated the established limits of his confinement. (Id.) As a result, the CDC recommended a disciplinary transfer, and the matter was sent to the Bureau Of Prisons ("BOP") Disciplinary Hearing Officer ("DHO") for final action. (Id.)

The DHO agreed with the CDC's findings and sanctioned petitioner to a loss of 41 days good conduct time and removal from the RRC and RDAP programs. (Id.)

<u>Discussion</u>

Petitioner argues, in part, that there was insufficient evidence to support the committee's finding that he escaped. The disciplinary report, attached to respondent's response, describes the evidence on which it based its guilty finding. First, the report set forth a summary of petitioner's statement:

> On Friday 4/11/14 I was feeling really ill. My fiancé helped me get to the car so I could get medical treatment. I passed out in the car, and she took me to a clinic in Mexico for treatment. She didn't realize I couldn't travel to Mexico. I showed her my certificate from completing the DAP and she thought I was done with the system. I had tried to be treated in the U.S. but I was rejected at several clinics, including Logan Heights. She took me to Mexico because she knew they would take care of me. I was basically unconscious upon my arrival at the hospital. I have proof from my

> doctor to certify the state I was in. I remained in the hospital for 3 days and I didn't wake up until Sunday. When I woke up, I realized I wasn't in the U.S. so I asked to be discharged immediately. Even if I wanted to call the Facility there was no phone available and our cell phones don't work in Mexico. Once I left the clinic, I headed right back to the U.S. I was stopped at the border and taken into custody. I was only a few days away from release. Why would I intentionally do this? Please look over my DAP summary. I did everything right.

(ECF No. 14-1 at 44-45.)

The report states that the committee also considered the following documentary evidence: 1) resident acknowledgement receipt; 2) medical statements and records submitted by the inmate; 3) translation of medical statements; 4) drug treatment records submitted by the inmate; and 5) inmate file. (Id. at 45.) Some of these documents are attached as exhibits to the petition.

The report also indicated that it considered the following additional information. The committee denied plaintiff's request to call Case Manager Karla Bolanos as a witness. (Id. at 47.) Petitioner claimed that Ms. Bolanos could have attested to his good conduct and weight loss. (Id.) The Committee stated that it would submit that petitioner's conduct was good prior to the incident, and that petitioner had weight loss during his residency at the facility. (Id.)

The committee also accepted a telephone call from petitioner's fiancé. (Id.) Petitioner's fiancé reiterated and supported the statements petitioner made to the committee. (Id.)

In finding petitioner guilty, the committee noted that,

> Although the evidence confirmed that you were hospitalized and apparently unable to notify the Facility of your whereabouts on 4/11/14, the very same evidence confirmed that you stabilized on 4/12/14. According to the attending physician, you reached a "well oriented" state of mind, and you had access to a telephone upon request.
>
> The Committee found that you had a duty to notify the Facility of your whereabouts when you returned to a "well oriented" state of mind. Your inmate file records reflect that you failed to make such contact. Instead, the evidence indicated that you consciously chose to remain unaccountable for several days, and violated the established limits of your confinement.

(Id. at 48.)

The undersigned has reviewed the record and cannot find the record stating that petitioner had stabilized on April 12, 2014 and was "well oriented." The translation of the statement by

petitioner's treating physician does not state that petitioner stabilized on April 12, 2014 and was "well oriented." (ECF No. 1 at 15.)  The undersigned also cannot locate the record stating that petitioner had access to a telephone upon request while hospitalized in Mexico.  According to petitioner, his cellphone did not work while he was in Mexico and the hospital/clinic did not have a telephone with long distance services.  (ECF No. 1 at 30.)  Petitioner also states that he was "passed out" at the hospital until April 14, 2014, i.e., he was not "well oriented" on April 12, 2014.  (Id.)

     Accordingly, IT IS HEREBY ORDERED that on or before May 21, 2015, respondent shall direct the court to the record containing the statements by petitioner's physician that he was stabilized on April 12, 2014 and "well oriented," and the record stating that petitioner had access to a telephone; if these records are not in the court record, respondent shall provide them to the court within that time.

Dated:  May 15, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Jim260.fb